```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION

GOD'S CHARIOT, L.P.              §
                                 §
VS.                              §    ACTION NO. 4:03-CV-624-Y
                                 §
CITY OF EULESS                   §
```

ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES

After successfully defending against all claims levied against it by plaintiff, God's Chariot, L.P., defendant, City of Euless, filed the instant motion (doc. #191) requesting an award of $149,199.75 as a "fair and reasonable amount of attorney's fees" under the Fair Housing Act, 42 U.S.C. § 3613(c)(2). Alternatively, Defendant seeks an award of $51,562, "which is the amount of attorney's fees reasonably incurred since the date Plaintiff's current counsel substituted into the case." After careful review of the pleadings and the evidence submitted regarding Defendant's request for attorney's fees, and for the reasons stated below, the Court concludes that Defendant is entitled to reasonable attorney's fees in the amount of $55,089.50.

I.  FACTUAL BACKGROUND

Plaintiff God's Chariot, L.P. ("God's Chariot") owned a thirty-six unit apartment complex called Dickey Apartments on a plot of land ("the Property") located within the city limits of defendant City of Euless ("Euless"), Texas. God's Chariot acquired the Property on October 1, 1999. But Euless had annexed the Property on December

30, 1971, and since its annexation the Property had been zoned as single-family property.  Because the apartments were not single-family dwellings, the Property was characterized as "nonconforming use" and the apartments were characterized as "nonconforming structures."

In December 1998 and August 2000, Euless adopted ordinances ("the ordinances") allowing the city to discontinue nonconforming uses of land and structures.  The ordinances allow, however, an owner to continue his nonconforming usage over a sufficient number of years to recoup his investment.  This procedure is called "amortization" by the parties.  Euless's amortization protocol allows Euless's city council to direct the termination of a nonconforming use through a minute order.  Euless's zoning board then determines the date for termination by calculating the time necessary for the property owner to recover its capital investment, beginning with the date the use became nonconforming.

The Euless city council directed by minute order the demolition of Dickey Apartments.  After conducting a hearing and receiving evidence regarding the Property's appraised value, fair-market value, and repair costs, the zoning board set June 30, 2003, as the termination date for the apartments.  That is, Dickey Apartments had to be removed from the Property by June 30.  God's Chariot received notice of the termination date on April 11, 2001.

God's Chariot filed suit against Euless on June 24, 2003, alleging: (1) claims under 42 U.S.C. § 1983, for Euless's regulatory taking of the Property, due process violations under the Fifth and Fourteenth Amendments to the United States Constitution and Article

I, Section 19 of the Texas Constitution, and deprivation of equal protection under the Fourteenth Amendment; (2) violations of Article I, Section 10 of the United States Constitution and Article I, Section 16 of the Texas Constitution (the ex post facto clauses); (3) violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq*; and, (4) estoppel.  The focus of God's Chariot's complaint, however, is the city ordinances and the city council's decision directing the demolition of Dickey Apartments.

On August 24, 2005, the Court entered summary judgment in favor of Euless regarding God's Chariot's section 1983 claims, concluding those claims were barred by the statute of limitations.  Defendant did not file a motion for attorney's fees under section 1988.  The remainder of God's Chariot's claims proceeded to trial.  But after resting its case, the Court directed God's Chariot to file a response to Euless's motion for judgment as a matter of law under FED.R.CIV.P. 50(a).  In particular, the Court directed God's Chariot's response to, among other things, discuss the application of the statute of limitations to its FHA claims and to provide relevant precedent, and to address why judgment should not be entered in favor of Euless for the reasons stated in Euless's motion regarding God's Chariot's claim for individualized-injury under the FHA. After considering Euless's motion and God's Chariot's response, the Court found Euless's motion "well-taken" and concluded that God's Chariot's "claims under the [FHA] . . . should be dismissed with prejudice."  In the end, none of God's Chariot's claims ever made it to the jury for deliberation.

After the Court entered its final judgment dismissing all claims

3

in this case with prejudice, Euless filed the instant motion for an award of attorney's fees under section 3613(c)(2) of the FHA. Euless has not asked, nor has it ever asked, for an award of attorney's fees under section 1988 for its successful defense against God's Chariot's section 1983 claims.

II.  ANALYSIS

As a starting point, the Supreme Court has repeatedly reaffirmed the "American Rule" holding that each party in a lawsuit ordinarily shall bear its own attorney's fees—"the prevailing party is not entitled to collect from the loser." *Buckhannon Bd. & Care Home, Inc., et al. v. West Virginia Dep't of Health & Human Res., et al.,* 532 U.S. 598, 602 (2001); *Hensley, et al. v. Eckerhart, et al.,* 461 U.S. 424, 429 (1983); *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247 (1975). Under this practice, a court will not award attorney's fees to a prevailing party "absent explicit statutory authority." *Buckhannon,* 532 U.S. at 602.

Section 3613(c)(2) of the FHA provides that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs." Although the language in the statute seems rather straightforward, a prevailing defendant is not entitled to attorney's fees unless a plaintiff's claim under the FHA was frivolous, unreasonable, groundless, or vexatious. *See Christiansburg Garment Co., v. EEOC,* 434 U.S. 412, 421 (1978); *Hensley,* 461 U.S. at 429 n.2; *Claiborne v. Wisdom,* 414 F.3d 715, 719-20 (7th Cir. 2005).

4

In *Christiansburg,* the Supreme Court interpreted a nearly identical fee-shifting section in the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k), to mean that "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."[1] *Christiansburg*, 434 U.S. at 422.  The Supreme Court recognized this same standard in *Hensley* regarding another similarly written fee-shifting statute for actions brought under 42 U.S.C. § 1983.  *See* 42 U.S.C. § 1988[2]; *Hensley,* 461 U.S. at 429 n.2.  Because the fee-shifting provision in section 3613(c)(2) is identical in all material aspects to the provisions in sections 2000e-5(k) and 1988, and because Congress added this section to the FHA after the Supreme Court decisions in *Christiansburg* and *Hensley*[3], the Court concludes that a prevailing defendant in a FHA claim cannot recover reasonable attorney's fees unless the defendant establishes that the plaintiff's FHA claim was frivolous, unreasonable, groundless, or vexatious.  The Court notes that both parties agree that this is the applicable standard to determine whether a prevailing defendant is entitled to attorney's fees under the FHA—though they disagree as to its application in this case.

---

[1] Specifically, section 2000e-5(k) provides that "the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of costs. . . ."

[2] Specifically, section 1988 provides that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . ."

[3] *See* P.L. 100-430; 102 Stat. 1633.

5

In applying this standard, the Supreme Court has stated that "it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421-22. The High Court explained that "frivolous" or "groundless" should be understood as meaning the claim is without foundation, and that vexatious "in no way implies that the plaintiff's subjective bad-faith is a necessary prerequisite . . . ." *Id.* at 421. In determining whether a suit was frivolous, a district court should look to such factors as: did the plaintiff establish a prima facie case, did the defendant offer to settle, and did the court dismiss the case or hold a full trial? *Walker v. City of Bogalusa,* 168 F.3d 237, 240 (5th Cir. 1999). Applying these standards to the case at bar, the Court concludes that God's Chariot's claims under the FHA were groundless.

But first, the Court notes that Euless has not now, nor has it ever, requested attorney's fees for God's Chariot's section 1983 claims under 42 U.S.C. § 1988. Thus, the Court's determination of a reasonable attorney's fee will discount any effort in defending against those claims. Additionally, the Court rejects Euless's request for an award of attorney's fees "under equitable grounds." Recognizing that the Court does possess the inherent authority to assess attorney's fees, the use of that authority is for "narrowly defined circumstances" none of which apply to this case or to the conduct of God's Chariot's prosecution of its claims. *See Chambers*

6

*v. NASCO, Inc.,* 501 U.S. 32, 45-49 (1991).

Turning now to God's Chariot's FHA claims, the record shows that those claims were dismissed before even reaching a jury. "While that alone is insufficient to support a finding of frivolity," *Meyers v. City of West Monroe,* 211 F.3d 289, 293 (5th Cir. 2000), based on the Court's determination that Euless was entitled to judgment as a matter of law after God's Chariot had the opportunity to present its whole case, the Court concludes that its FHA claims were groundless. God's Chariot was unable to present any evidence and any legal authority to rebut Euless's arguments establishing that it was entitled to judgment as a matter of law. Discovery in this case ended on November 29, 2004—approximately one year before the parties engaged in mediation and more than a year and a half before the case was called for trial on June 5, 2006. By the time the parties attempted to mediate the claims, God's Chariot was certainly fully aware of the evidence it had in support of its FHA claims. And the arguments put forward in Euless's motion for judgment as a matter of law were the same as it put forward in its answer to God's Chariot's complaint, filed on July 14, 2003, and in its trial brief, filed on May 30, 2006. Yet, God's Chariot persisted in prosecuting its FHA claims until they were dismissed under FED.R.CIV.P. 50(a), willfully ignoring that it lacked any "legally sufficient evidentiary basis for a reasonable jury to find" in its favor. *See* FED.R.CIV.P. 50(a). Thus, there is no basis from which this Court can say that God's Chariot's FHA claims weren't groundless. The record clearly shows that God's Chariot was fully aware that it could not attain a favorable finding

7

on those claims under the controlling law and insisted on proceeding to trial nonetheless. *Id.; compare with Meyer,* 211 F.3d at 293 (finding claims that were dismissed before they reached a jury frivolous when plaintiff could offer no evidence at trial to substantiate them).

After review of Euless's motion for reasonable attorney's fees and the supporting evidence attached to that motion, the Court concludes that $55,089.50 is an appropriate amount of attorney's fees for its defense against the FHA claims. The Court has considered the fact that God's Chariot sued on multiple claims and, since Euless is only entitled to reasonable attorney's fees for its efforts in defending against a portion of those claims, Euless's initial requested amount of $149,199.75, which represents the fees generated for defending the entire case, is inappropriate.

"There is no precise formula for making these determinations." *Hensley,* 461 U.S. at 436. But in coming to this determination, the Court notes that Euless requested $51,562 as an alternative amount. Euless computed that amount as "fees reasonably incurred since the date [God's Chariot's] current counsel substituted into the case." While Euless does not explain why that date is relevant in determining its reasonable and appropriate attorney's fees, the Court does note that God's Chariot's current counsel substituted into the case on February 22, 2006. Prior to that, on August 24, 2005, the Court partially granted Euless's summary-judgment motion dismissing God's Chariot's section 1983 claims but leaving its FHA claims, as well as others, intact. But between the Court's partial grant of Euless's

8

summary-judgment motion and God's Chariot's substitution of new counsel, the parties engaged in mediation on the remaining claims, including the FHA claims, before Magistrate Judge Charles Bleil. And the Court concludes that Euless is entitled to attorney's fees generated in preparing for and participating in that mediation. *See Walker,* 168 F.3d at 240 (stating a court should consider whether a defendant offered to settle).

A review of Euless's evidence shows that its attorneys generated $3527.50 in fees while preparing for and participating in that mediation. The Court also notes that the billing records do not contain any redundancies or "double billing" even though there was more than one attorney working on Euless's case. And although surely Euless's attorneys spent that time also preparing for claims besides the FHA claims that survived its summary-judgment motion, the Court recognizes that there is no certain method for precisely calculating the time spent, minute by minute, on each particular claim—especially when, as here, all of the claims arise from a common nucleus of facts. The docket in this case indicates that no other significant event occurred between the date the Court issued its order on Euless's summary-judgment motion and the date God's Chariot's new counsel appeared in the case.

III. CONCLUSION

Therefore, for the reasons stated above, the Court concludes that Euless is entitled to reasonable attorney's fees under the FHA, 42 U.S.C. § 3613(c)(2), because God's Chariot's FHA claims were

groundless.  Further, the Court concludes, for the reasons above, that $55,089.50 represents a reasonable amount of attorney's fees generated defending against God's Chariot's FHA claims.

Accordingly, Euless is GRANTED JUDGMENT in the sum of $55,089.50 against God's Chariot for its reasonable attorney's fees. Postjudgment interest shall accrue on the judgment and cost awarded at a rate of 4.90% from the date this judgment is entered on the docket until paid.  *See* 28 U.S.C. § 1961.

SIGNED December 14, 2006.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE